# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

THOMAS A. SIMONIAN,

    Plaintiff,

    v.

WEBER-STEPHEN PRODUCTS CO.,

    Defendant.

No. 10 C 1220
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff, Thomas Simonian ("Simonian") filed a seven-count *qui tam* action on behalf of the public for false marking pursuant to 35 U.S.C. § 292. Defendant, Weber-Stephen Products Co. ("Weber") now moves to dismiss Plaintiff's complaint because the complaint fails to comply with both the pleading requirements of Rule 8(a) and the heightened pleading requirements of Rule 9(b). For the following reasons, Defendant's motion to dismiss is denied.

## I. STATEMENT OF FACTS

Plaintiff alleges that Defendant marked certain products, such as the Smokey Joe Grill, the Smokey Joe Tuck N Carry Grill, the One Touch Kettle, the Gas Go-Anywhere Grill, the Weber Grill, and the Master Touch Kettle, with expired patents with intent to deceive the public and to gain a competitive advantage in the market. Specifically, Plaintiff alleges that Defendant marked the Smokey Joe Grill with United States Patent No. 4,498,452 ("the '452 Patent") and Design Patent D278,021[1] ("the '021 Patent"), the Smokey Joe Tuck N Carry with United States

---

[1] The '452 Patent expired on June 21, 2002, and the '021 Patent expired n May 7, 2002.

Patent No. 4,836,179 ("the '179 Patent") and Design Patent D284,929 ("the '929 Patent")[2], the One Touch Kettle with United States Patent No. 4,576,140 (the '140 Patent) and Reissue Patent No. RE 33,091 (the '091 Patent)[3], the Gas-Go-Anywhere Grill with United States Patent No. 4,627,408 ("the '408 Patent")[4], the Weber Grill with United States Patents 4,777,927 ("the '927 Patent") and 5,036,832 (the '832 Patent")[5], the Master Touch Kettle with the '927 Patent, and Flavorizer Bars with United States Patent No. 4,727,853 (the '853 Patent).[6]

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of the Plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992). Plaintiff, for her part, must do more than solely recite the elements for a violation; she must plead with sufficient particularity so that her right to relief is more than mere conjecture. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead her facts so that, when accepted as true, they show the plausibility of her

---

[2] The '179 Patent expired on August 12, 2008 and the '929 Patent expired on August 10, 2004.

[3] The '140 Patent expired on July 8, 2005 and the '091 Patent expired on November 22, 2003.

[4] The '408 Patent expired on July 24, 2005.

[5] The '927 Patent expired on July 6, 2007 and the '832 Patent expired on August 11, 2009.

[6] The '853 Patent expired on August 8, 2005.

claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of her entitlement to relief. *Id.* (internal quotations omitted).

Pursuant to Rule 8(a), it is insufficient for a complaint to make "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. Rule 9(b) requires that a plaintiff must "state with particularity the circumstances constituting fraud, or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "The rule requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place, and context of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)( internal quotations omitted). In other words, alleging fraud with particularity "means, the who, what, when, where, and how: the first paragraph of any newspaper story." *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

**III. DISCUSSION**

Pursuant to the Patent Act, 35 U.S.C. § 292 prohibits: (1) marking a product with a patent number without the consent of the patentee; (2) marking an unpatented article with a patent number; and (3) marking an article with a false statement that a patent application is pending. There is no violation of § 292 unless an intent to deceive the public was present. Defendant moves to dismiss Plaintiff's complaint because the complaint does not properly allege intent to deceive the public.

First, Defendant argues that Plaintiff fails to meet the basic pleading requirements of Rule 8(a) as to Defendant's intent to deceive the public. I disagree. Rule 8(a) requires a short and plain statement of the claim showing the plaintiff is entitled to relief. Plaintiff has alleged with specificity the products allegedly falsely marked, the patents they were marked with, as well as the allegation that Defendant marked the products with intent to deceive the public. Though Defendant is correct that Plaintiff has not pled intent to deceive with particularity, this is not required, as will be discussed *infra*.

Next, Defendant argues that Plaintiff's claim should be dismissed because the allegations of intent to deceive the public fail to satisfy the heightened pleading requirement of Rule 9(b). In the language of the complaint, "[u]pon information and belief, Defendant intentionally marked its products with the [expired patents] in an attempt to prevent competitors from entering the market and for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by those patents."[7]

Courts within this district agree that false-patent-marking cases sound in fraud and are subject to the heightened pleading requirements of Rule 9(b). *Simonian v. Cisco Systems, Inc.*, No. C 1306, 2010 WL 3019964 (Jul. 29, 2010); *Simonian v. Allergan, Inc.*, –F.Supp.2d– 2010 WL 5175017 (N.D. Ill. Nov. 30, 2010). Under Rule 9(b), a party "must state with particularity the circumstances constituting fraud or mistake." The term 'circumstances' refers to the "who, what, where, when, and how" surrounding the misrepresentation. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 2009). Plaintiff has succeeded in alleging these facts; he has specifically identified the products Weber allegedly mismarked and the patents that allegedly had expired.

---

[7] *See also* Complaint at ¶¶ 29, 42, 55, 68, 85, and 94.

Furthermore, Plaintiff has alleged the dates on which each patent expired, and alleged that the offending products were manufactured after such dates.

Having determined that Plaintiff has sufficiently pled that Defendant falsely marked a product with an expired patent, I must now determine whether Plaintiff has sufficiently alleged Defendant's deceptive intent. I note that there are many similar cases within this district with divergent outcomes. *Compare Simonian v. Oreck Corp.,* No. 10 C 1224, 2010 WL 3385465 (N.D. Ill. Aug. 23, 2010); *Simonian v. Blistex Inc.*, No. 10 C 2101, 2010 WL 4539450 (N.D. Ill. Nov. 3, 2010); *Englehardt v. Costco Wholesale Corp.*, No. 10 C 1424, 2010 WL 4822926 (N.D. Ill. Nov. 22, 2010) *with Heathcote Holdings Corp., Inc. v. Crayola LLC*, No. 10 C 342, 2010 WL 5149343 at *n2 (N.D. Ill. Dec. 10, 2010), *Simonian v. Cisco Systems, Inc.,* No. 10 C 1306, 2010 WL 2523211 (N.D. Ill. Jun. 17, 2010).

Pursuant to Rule 9(b) intent may be alleged generally. Even so, the pleadings must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). Allegations based on "information and belief [are] permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth specific facts upon which the belief is reasonably based." *Exergen*, 575 F.3d at 1330. "The combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010).

Defendant argues that Plaintiff's allegations based "on information and belief" are insufficient because the complaint fails to set forth the source of the information and the reasons

5

for the belief. *Exergen*, 575 F.3d at 1330-31 n.7 (citations omitted). Plaintiff's complaint states that Defendant "intentionally marked its products [] in an attempt to prevent competitors from entering the market." As the Federal Circuit remarked in *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1302 (Fed. Cir. 2009), "if an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market." Likewise, Plaintiff has alleged that Defendant is a sophisticated company and should have known that patents it was placing on its products were expired. As noted in *Simonian v. Blistex, Inc.*, No. 10 C 01201, 2010 WL 4539450, at *4 (N.D. Ill. 2010), such facts "permit the court to infer more than the mere possibility of misconduct." (citing *Iqbal*, 129 S.Ct. at 1950). Though it is possible for a company to falsely mark a product with no intent to deceive, Plaintiff's allegations make it plausible that Defendant did so with deceptive intent. *See Blixtex*, 2010 WL 4539450, at *4.[8] As noted in *Exergen*, at the pleading stage, an "inference of deceptive intent must be reasonable and drawn from a pleading's allegations of underlying fact." 575 F.3d 1329 n. 5. I find that the facts alleged are sufficient to draw a reasonable inference of intent to deceive.

Defendant also argues that Plaintiff's allegations that Weber is sophisticated is insufficient to support an allegation of intent to deceive. Instead, Defendant contends that Plaintiff must have identified someone at Weber who had actual knowledge of the patent

---

[8] The *Blistex* decision was criticized within this district in *Heathcote Holdings Corp., Inc. v. Crayola LLC*, No. 10 C 342, 2010 WL 5149343 at *n2 (N.D. Ill. Dec. 10, 2010). In *Crayola*, the court held that the plaintiff's complaint failed to meet the Rule 9(b) pleading standard stating "there are no allegations regarding who at defendants was responsible for making the products, any procedures at defendants for checking on the continued pendency of patents, when or where the products at issue were manufactured, and when the offending products have been marketed or sold, nor is there any allegation describing any particular advertising or other marketing activity.")

expiration date and intended to deceive the public by failing to remove the patent markings.[9] I disagree. Here, I must take all of the facts alleged in the complaint as true. Simonian has alleged the who, what, when, where, and how required by Rule 9(b). Defendant is correct to observe that the complaint does not plead facts alleging intentional deception with particularity, however this is not required by Rule 9(b). At this stage, prior to discovery being taken, this is all that is required of him.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is denied.

ENTER:

/s/ James B. Zagel

James B. Zagel
United States District Judge

DATE: February 15, 2011

---

[9] Defendant cites to *Brinkmeier v. Graco Children's Products Inc.*, 684 F.Supp.2d 548, 553-54 (D.Del. 2010) in support of this contention, though this decision does not bind me.